IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 6, 2005

## STATE OF TENNESSEE v. JON A. ENGLE

**Direct Appeal from the Circuit Court for Chester County
No. 04-275    Roy B. Morgan, Jr., Judge**

---

**No. W2005-01087-CCA-R3-CD  - Filed March 16, 2006**

---

Defendant, Jon A. Engle, was convicted of DUI and sentenced to eleven months and twenty-nine days, with all but ten days suspended, and a fine of $1,500 and costs. He appealed, arguing that the arresting officers did not have reasonable suspicion to stop his vehicle. However, Defendant filed neither a motion to suppress the stop in the trial court nor a motion for new trial. Accordingly, we conclude that this issue is waived and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Chadwick G. Hunt, Savannah, Tennessee, for the appellant, Jon A. Engle.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; James G. Woodall, District Attorney General; and Anna M. Banks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

At Defendant's trial, Officer Jason Crouse of the Henderson Police Department testified that on May 22, 2004, the Chester County dispatch had received several calls reporting a gray Mustang automobile traveling south on Highway 45 swerving in and out of lanes. He responded to the call and observed a gray Mustang swerving several times over the fog line and then making a sudden left turn. Believing that the driver was impaired, Crouse stopped the vehicle around 2:14 a.m. Defendant, who was the driver, rolled down his window and said he had been in Jackson "watching the Lakers play." Defendant had bloodshot eyes, his speech was slurred, and a strong odor of alcohol emanated from his vehicle. Crouse asked Defendant to perform field sobriety tests, and Defendant

failed three of the four exercises. Defendant then was transported to the sheriff's department and registered .18 on the intoximeter test.

Officer Ricky Hardy of the Henderson Police Department testified that he arrived at the scene as the field sobriety tests were being administered to Defendant. In his opinion, Defendant was intoxicated.

Bobbie Rushing, a corrections officer at the Chester County Jail, testified that Defendant was uncooperative during booking and, as a consequence, was placed in the "drunk tank." She said Defendant had red eyes, his speech was slurred, and she believed he was intoxicated. She said that Defendant beat on the door of the drunk tank and threatened her job.

Defendant testified that on the day of his arrest, he and a friend had been watching a basketball game on television at "a place called Barley's" in Jackson and had left when his friend became ill. He drove his friend to the gym where his friend worked and then stopped at a McDonald's restaurant before proceeding toward his residence in Adamsville. He said that the only alcohol he had consumed that night was a Long Island tea about 9:30 p.m. He was eating his food and drinking a Coke as he was driving. Just before he was stopped by Officer Crouse, he drank "a big mouthful" of Listerine mouthwash. He said that, as for the second field sobriety test, the officer did not explain what he was to do. He was nervous as he was performing the tests and was distracted by the flashing lights. Defendant said that Officer Crouse left the room while he was supposed to be observing him and that he asked for water while at the jail because he kept burping. On cross-examination, Defendant said he believed he had registered .18 on the intoximeter test because of the Listerine he had swallowed.

## ANALYSIS

Defendant's sole argument on appeal is that Officer Crouse did not have reasonable suspicion to stop his vehicle, thus requiring that the fruits of the stop be suppressed. Defendant did not raise this claim by filing a pretrial motion to suppress, the legality of the stop was not questioned at the trial, and it was not raised in a motion for new trial, since none was filed. Accordingly, as we will explain, this claim is waived.

As this court explained in *State v. Coulter*, 67 S.W.3d 3, 37 (Tenn. Crim. App. 2001), a motion to suppress evidence must be filed prior to the trial:

> Tenn. R. Crim. P. 12(b)(3) provides that motions to suppress evidence must be raised prior to trial. "The rule is applicable when a claim of a constitutional right is involved whose violation would lead to suppression of evidence." *State v. Goss*, 995 S.W.2d 617, 628 (Tenn. Crim. App. 1998). Moreover, like other motions, a motion to suppress is governed by Tenn. R. Crim. P. 47. *State v. Bell*, 832 S.W.2d 583, 588 (Tenn. Crim. App. 1991); *State v. Burton*, 751 S.W.2d 440, 445 (Tenn. Crim. App. 1988).

An issue questioning the legality of a search, which is raised for the first time on appeal, is waived, as explained in *State v. Clark*, 67 S.W.3d 73, 76 (Tenn. Crim. App. 2001):

> The defendant asserts that the stop of his vehicle constituted an unreasonable seizure under the Fourth Amendment to the United States Constitution and article I, section 7 of the Tennessee Constitution. However, we may not consider this issue. The defendant was obligated to file a motion to suppress evidence on such a basis before the day of trial. *See* Tenn. R. Crim. P. 12(b)(3). Failure to do so constitutes a waiver of the issue. *See* Tenn. R. Crim. P. 12(f).

This issue is waived for the additional reason that it was not raised in a motion for new trial, as required by Tennessee Rule of Appellate Procedure 3(e), which provides in pertinent part:

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

Accordingly, this issue is waived and the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE